## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARTANIAN JOHN SANDERS, | * | NO. 26-00459 |
| 1746 McArthur Drive | | |
| Slidell, LA 70460 | * | |
|       Plaintiff, | | |
| v. | * | |
| | * | JUDGE SECT.MMAG.1 |
| JAMES SMITH in his official and | | |
| individual capacities, | * | |
| Bogalusa City Hall | | |
| 214 Arkansas Ave. | * | |
| Bogalusa, LA 70427 | | |
| | * | MAGISTRATE _____ |
| TROY TERVALON | * | |
| in his official and individual capacities, | | |
| Bogalusa City Hall | * | |
| 214 Arkansas Ave. | | |
| Bogalusa, LA 70427 | * | JURY DEMANDED |
| MICHAEL BRACY, in his official and | * | |
| individual capacities; | | |
| Bogalusa Police Department | * | |
| 111 Memphis St. | | |
| Bogalusa, LA 70427 | * | |
| ROBERT A. NEILSON, in his | * | |
| official and individual capacities; | | |
| 209 Hoppen Place | * | |
| Bogalusa, LA 70427 | | |
| | * | |
|       Defendants. | | |

## COMPLAINT

### INTRODUCTION

1. This is a § 1983 case asserting that state and local officials violated plaintiff's Fourth Amendment rights by seizing certain items of personal property when he was terminated from employment with the City of Bogalusa. The defendants acted without a warrant or probable cause, but unlike most Fourth Amendment cases, plaintiff was not arrested or charged with a crime at the time of the seizure or since. The defendants who refused to return plaintiff's property also violated his Fourteenth Amendment due process rights.

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this case raises claims under 42 U.S.C. § 1983 for violation of constitutional rights.

### VENUE

3. Venue is proper in this judicial district under 13 U.S.C. § 1391(b) because at least one defendant resides within the district and a substantial part of the events and omissions giving rise to this claim arose herein.

### PARTIES

4. Plaintiff Dartanian John Sanders is a citizen of the United States and a resident of Louisiana.

5. Defendant James Smith is the Chief of the Bogalusa Police Department. He is a citizen of the United States and a resident of Louisiana. He is sued in his official and individual capacities.

6. Defendant Troy Tervalon is the Assistant Chief of the Bogalusa Police Department and holds the rank of Major. He is a citizen of the United States and a resident of Louisiana. He is sued in his official and individual capacities.

7. Defendant Michael Bracey is Chief of Patrol for the Bogalusa Polie Department and holds the rank of Major. He is a citizen of the United States and a resident of Louisiana. He is sued in his official and individual capacities.

8. Defendant Robert A. Neilson is the Fiscal Administrator for the City of Bogalusa. He is sued in his official and individual capacities.

FACTS

9. Plaintiff was the Manager of the Bogalusa Airport and the Director of Compliance for the City of Bogalusa until March 3, 2025.

10. Late in the afternoon of March 3, 2025, newly appointed Fiscal Administrator Robert A. Neilson strode into plaintiff's office at the Airport and ordered plaintiff to "get out" and not to take anything with him. Neilson was accompanied by high-ranking members of the Bogalusa Police Department, including Chief James Smith, Assistant Chief Troy Tervalon and Chief of Patrol Michael Bracey.

11. Plaintiff left his office and was told to drive his City vehicle to Bogalusa City Hall to receive a termination letter from the Director of Human Services, Leslie Pittman. The termination letter cited "budget restraint" as the reason for plaintiff's discharge. Thereafter, plaintiff was driven back to the Airport by a patrol officer to pick up his personal vehicle.

12. Upon arrival at the Airport, however, Chief Smith ordered the patrolman to turn around and bring plaintiff back to Bogalusa City Hall. Upon arrival, he was commanded to go into an office where Chief Smith and Assistant Chief Tervalon awaited him. Assistant Chief

3

Tervalon told plaintiff to empty his pockets. Plaintiff asked if he was under arrest. He was told he was not. Thereupon, plaintiff removed personal property consisting of two thumb drives and a hard drive from his pockets. Assistant Chief Tervalon took possession of these items.

13. In addition, Major Bracey seized a personal folder with several personal papers. Plaintiff asked Mr. Neilson to return the papers to no avail.

14. At that point, plaintiff was allowed to leave and was driven back to his vehicle at Bogalusa City Airport.

15. Plaintiff made repeated efforts to obtain the personal property seized by defendants. The evening of March 3, plaintiff called Assistant Chief Tervalon on his cell phone to ask about getting his property back. Tervalon told him to come to his office early the next morning. Plaintiff arrived at 8:30 a.m. but Tervalon told him that he had sent plaintiff's property to the FBI. Not knowing other options, plaintiff submitted a Public Records Request to the City of Bogalusa. On Chief Smith's instruction, it was denied on April 1, 2025.

16. Plaintiff also went to Chief Smith's office and asked him directly for his property. Chief Smith said plaintiff had to get a lawyer and go to court.

17. In August, 2025, attorney Robin E. Schulberg offered to find out which agency had plaintiff's property and to ask for its return. She learned that the FBI was in the process of returning it to the Bogalusa Police Department but when Ms. Schulberg was able to reach Assistant Chief Tervalon, he told her he had sent the property to the District Attorney for the 22nd Judicial District, encompassing Washington and St. Tammany districts.

18. Ms. Schulberg met with Assistant District Attorney Butch Wilson on October 28, 2025. but he offered to return the property only if his office retained a copy. This condition was unacceptable to plaintiff.

4

19.  In the year since the seizure of his property, plaintiff has not been charged with a crime or informed that he was the target of an investigation.

### CLAIMS FOR RELIEF

### Claim 1:  Violation of 42 U.S.C. § 1983 and the Fourth Amendment

20.  Plaintiff repeats each of Paragraphs 1 through 22 as if fully alleged herein.

21.  42 U.S.C. § 1983 provides a civil cause of action for a person deprived of a right protected by the Constitution or statute by a person acting under color of state or municipal law.  It provides in relevant part:

> Every person who, under color of any statute, regulation, custom or usage, of any State, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

22.  A person acts "under color of law" when he or she purports to act under state authority or exercises authority granted by the state.  *Griffin v. Maryland*, 378 U.S. 130, 135 (1964); *Lindke v. Freed*, 601 U.S. 187, 195 (2024).

23.  All defendants herein acted under color of law.  Mr. Neilson derived his authority to fire City employees from his position as Fiscal Administrator and purported to act under that authority when he fired plaintiff and told him to leave his office and not take anything with him. *See* La. R.S. 39:1352(A)(3)(e). Defendants Smith, Tervalon and Bracey exercised their authority as Bogalusa Police Department officers.

24.  The Fourth Amendment of the U.S. Constitution prohibits unreasonable searches and seizures.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated, and no Warrants shall issue, but upon probable cause,
supported by Oath or affirmation, and particularly describing the place
to be searched, and the persons or things to be seized.

The Fourth Amendment applies to the states via the Fourteenth Amendment.

25. A seizure of private property is reasonable only if accompanied by a warrant or, where an exception to the warrant requirement applies, by probable cause to believe the property is contraband or contains evidence of a crime. Defendants had neither.

26. Defendant Neilson seized plaintiff's personal property when he ordered plaintiff to "get out" of his office and to take nothing with him, while defendants Smith, Tervalon and Bracey effectuated the seizure. They did not have a warrant. Nor did they have probable cause. If they did, they would have arrested plaintiff instead of allowing him to leave the premises.

27. Defendant Neilson is the final decisionmaker in his office and thus his demand that plaintiff take nothing with him when he was fired is attributable to his office. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly"). Police Chief Smith is the final policymaker for the Bogalusa Police Department. *See Fridge v. City of Marksville*, 2019 WL 1923445 (W.D. La. 04/08/2019) (Marksville police chief is final policymaker for police department); *see also Garza v. City of Donna*, 922 F.3d 626, 637 (5th Cir. 2019) (Texas police chiefs are final policymakers for their municipalities). Accordingly, Chief Smith's on-the-scene decision to seize plaintiff's personal property was a decision of the City of Bogalusa and Tervalon and Bracey were following municipal policy when they carried out that policy.

28. Defendants Neilson, Smith, Tervalon and Bracey acted with evil motive or intent and their conduct involved reckless or callous indifference to the federally protected rights of

6

plaintiff. Neilson ordered that plaintiff be forbidden to remove *any* items with no regard whether his order was lawful. Defendants Smith, Tervalon and Bracey could have promptly obtained a warrant while cordoning off plaintiff's office and briefly detaining him had they probable cause, Nevertheless, they failed to do so. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

29. Defendants Smith and Tervalon's refusal to return plaintiff's property exacerbated the Fourth Amendment violation. It does not appear either of them consulted with the City Attorney before Chief Smith denied plaintiff's request, while Assistant Chief Tervalon repeatedly made the property unavailable by shipping it elsewhere.

### Claim 2: Deprivation of property in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment

30. Plaintiff repeats each of Paragraphs 1 through 22 as if fully alleged herein.

31. This claim targets the refusal of defendants Smith and Tervalon to return plaintiff's property. Federal courts have been loathe to decide constitutional issues "where there is an adequate state-law basis to resolve the dispute." *Houston v. City of New Orleans,* 582 F.3d 361, 363 (5th Cir. 2012). In Louisiana, the statute providing for return of property seized by law enforcement is La. R.S. 15:41. That statute, however, applies only to "property seized in connection with criminal proceedings." No such proceedings have been lodged against plaintiff. Hence, plaintiff's due process claim before this Court is his only avenue for relief.

32.. Bogalusa Chief Smith and Assistant Chief Tervalon the due process clause of the Fourteenth Amendment by refusing to return plaintiff's property when requested. There was no written procedure for dealing with post-deprivation claims for return of property; La. Rev. Stat. 15:41 did not apply in the absence of a criminal case against the owner. Moreover, there was no neutral and impartial decisionmaker to decide whether plaintiff's property should be returned. At

7

the post-deprivation stage of a seizure of property, due process requires a neutral and impartial decisionmaker. *Farhat v. Jopke*, 370 F.3d 580, 595-96 (6th Cir. 2004). Accordingly, plaintiff suffered a denial of procedural due process.

33. Defendants Smith and Tervalon acted with reckless or callous indifference to plaintiff's federally protected rights in that they knew or should have known that the warrantless seizure of plaintiff's property was unlawful yet they refused to it.

<u>JURY DEMAND</u>

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury of all claims asserted in this Complaint so triable.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff Dartanian John Sanders respectfully requests that this Honorable Court enter judgment in his favor and against defendants as follows:

A.    Declaring under 28 U.S.C. § 2201 that defendants NEILSON, SMITH, TERVALON AND BRACEY violated his Fourth Amendment rights by seizing his private property, consisting of two thumb drives, a hard drive and miscellaneous papers, on March 3, 2025 without a warrant or probable cause.

B.    Declaring under 28 U.S.C. § 2201 that defendants SMITH and TERVALON violated plaintiff's Fourth Amendment and due process rights under the Fourteenth Amendment by refusing to return the aforesaid property and any copies of its contents upon request.

C.    Ordering that any defendants in possession of the aforesaid property or any copies of its contents return same immediately to the plaintiff.

D.    Awarding plaintiff compensatory damages for harm to the business plaintiff conducted at night, when he was not at work for the City. Plaintiff prepared tax returns for

8

private individuals and the seized property contained their personal financial information. So too, plaintiff suffered emotional distress and mental anguish due to the manner of his termination and surrounding events, as well as in connection with his fruitless efforts to get his property back and to protect the private information contained therein.

     E.     Awarding plaintiff punitive damages, *see Smith v. Wade, supra,* for the malicious and reckless manner in which defendants acted at the time he was terminated and in which they refused his requests for return of his property.

     F.     Awarding costs and pre- and post-judgment interest as allowed by law; and

     G.     Any such other relief as the Court deems just and proper.

Dated: 3-2-2026

Respectfully submitted,

Dartanian John Sanders
1746 McArthur Drive
Slidell, LA 70460
Telephone: (985) 276-9111
Email: omniopp@gmail.com

9